UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALVIN ROUSE (a.k.a. ABDUR RASHID KHALIF),<br><br>                      Plaintiff,<br>     v.<br><br>BERNIE WARNER, STEVE SINCLAIR, GARY PIERCE, VIVIA GAINS, JIMMY GUZMAN, SGT. COUGHRON, and C/O ZARAGOZA,<br><br>                      Defendants. | NO:  12-CV-5092-TOR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

**BEFORE THE COURT** is Plaintiff's "Motion for Reconsideration and Amend[ment] of Judgment" (ECF No. 16).  Plaintiff asks the Court to reconsider its October 3, 2012 Order dismissing his Second Amended Complaint with prejudice (ECF No. 14) pursuant to Federal Rule of Civil Procedure 59(e).

Motions for reconsideration serve a limited function. "The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

injustice." *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989) (quotation, citation and modification omitted).  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.  *Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has neither alleged that there has been an intervening change of controlling law nor offered newly discovered evidence that would justify re-examining the issue.  Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n. 5.

In his motion for reconsideration, Plaintiff again offers conclusory allegations of retaliation.  The Court liberally construed the Second Amended Complaint in the light most favorable to Plaintiff and found that he failed to present facts showing actual injury to his access to the court under *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996), or facts sufficient to invoke procedural due process protections under *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  By merely asserting that all Defendants acted under color of state law, Plaintiff has failed to state a claim upon which relief may be granted.  Again, Plaintiff did not support his conclusory allegations with facts showing how any identified Defendant deprived him of a constitutional right.

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

1    Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration,

2 ECF No. 16, is **DENIED**.

3    **IT IS SO ORDERED**.  The District Court Executive is directed to enter this

4 Order and forward a copy to Plaintiff.  The file shall remain closed.   The Court

5 certifies that any appeal of this decision would not be taken in good faith.

6    **DATED** this 24th day of October 2012.

7                                *s/ Thomas O. Rice*

8                            THOMAS O. RICE
                         United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 3